805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward G. WILSON, Plaintiff-Appellant,
v.
Thomas FAUVER, Keith Hardison, and Ron Simmons, Defendant-Appellee.
 No. 86-5375.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action under 42 U.S.C. Sec. 1983, plaintiff seeks injunctive relief and monetary damages from the named defendants in connection with a 1985 parole revocation. Plaintiff's basic allegation centers around his contention that defendants violated parole board regulations and precepts of fundamental fairness by failing to give plaintiff notice of the charges prior to the revocation hearing. The magistrate to whom the cause was assigned recommended dismissing the action as frivolous under 28 U.S.C. Sec. 1915(d). Plaintiff timely responded to this recommendation. The district court ultimately adoptd the magistrate's recommendation and dismissed the complaint on immunity grounds. This appeal followed. On appeal plaintiff has filed a brief pro se and moves for the appointment of appellate counsel. Defendants indicate they take no position on the counsel request.
 
 
 3
 Upon consideration, we agree with the district court's disposition of this suit although for slightly different reasons. The crux of plaintiff's action is that he did not receive notice of the charges against him which led to his parole being revoked. Our examination of the complaint and supporting documents, however, leads us to conclude that plaintiff did indeed have notice of the allegations to be made in the revocation hearing of July 23, 1985. That the proof of these allegations resulted in the reinstatement of parole violations heard May 21, 1985, does not alter the fact that plaintiff has evidently been provided the process to which he was due. We affirm.
 
 
 4
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 5
 It is ORDERED that the motion for counsel be denied and that the final order of the district court be and it is hereby affirmed.